UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARENCE WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15CV00495-ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Clarence White's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1].

**I.  BACKGROUND**

On June 13, 2014, Petitioner was indicted for conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count V"), conspiracy to possess a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(o) ("Count VI"), and possession of one or more firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count VII").[1] On November 6, 2013, pursuant to a plea agreement, Petitioner plead guilty to Counts V and VI in exchange for the Government's dismissal of Count VII. CD ECF No. 98. On March 13, 2014, Petitioner was sentenced to 120-months imprisonment and a five-year term of supervised release. CD ECF No. 190. Petitioner filed the current motion on March 19, 2015, asserting his conviction should be set aside because his counsel was ineffective. ECF No. 1.

---

[1] See Criminal Case *United States v. Chad Williams, et al.*, No. 4:13CR00237CEJ. CD ECF will indicate citations to the criminal case docket in this matter.

1

## II. STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*. Additionally, a petitioner's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

To excuse procedural default, however, a petitioner, raising a constitutional claim for the first time in a § 2255 proceeding, still must demonstrate cause and prejudice. *Anderson*, 25 F. 3d at 706. Ordinarily, issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *Id*.

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

### III. DISCUSSION

Petitioner asserts four reasons his counsel was allegedly ineffective. First, he argues his counsel was ineffective, because his counsel failed to conduct an adequate investigation into an entrapment defense. ECF No. 1. Second, Petitioner contends his counsel acted deficiently by advising him to plead guilty in spite of the existence of an allegedly viable entrapment defense. *Id*. Third, Petitioner claims his counsel's recommendation of the plea agreement constitutes ineffective assistance, because it allowed Respondent to avoid having to prove with specificity the quantity of drugs attributable to Petitioner under 21 U.S.C. §§ 841 and 846. *Id*. Finally, Petitioner asserts his counsel's failure to highlight sentencing disparities among his (allegedly

more culpable) co-conspirators constitutes ineffective assistance of counsel. *Id*. Petitioner also seeks to have this Court ban reverse stings. *Id*.

To establish a claim for ineffective assistance of counsel, Petitioner must show 1) counsel's performance was deficient and 2) counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, the measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Prejudice requires Petitioner to show he was deprived of a fair trial because of the deficiency. *Id*. To establish the second prong of prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address both prongs of the analysis if the defendant makes an insufficient showing on either prong. *Id.* at 697 (if it is easier, a court should "dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice").

The second element of the *Strickland* test is slightly modified for a defendant who has plead guilty. Such a defendant must demonstrate there is a "reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Furthermore, a guilty plea and representations made by a defendant during plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. *Id*. "Once a person has entered a guilty plea, any subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988).

    A. *Ineffective Assistance of Counsel for Failing to Investigate and Pursue Entrapment*

Petitioner claims his counsel's failure to investigate and pursue an entrapment defense constitutes ineffective assistance of counsel. In the context of this claim, Petitioner must demonstrate his attorney's 1) failure to investigate the entrapment claim and 2) allegedly erroneous advice to plead guilty in spite of the existence of a valid entrapment claim was prejudicial to the outcome of the trial. Because Petitioner plead guilty, Petitioner must demonstrate that "but for [his] counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A defendant is prejudiced in the context of a failure to investigate when the discovery of potentially exculpatory evidence would have "led counsel to change his recommendation as to the plea." *Id*. Such a determination largely rests on whether the evidence would have changed the outcome of the trial. *Id*. Similarly, a defendant who alleges that his counsel erred by failing to advise the defendant of a potential affirmative defense must show prejudice by demonstrating that the affirmative defense would have succeeded at trial. *Id*. Two of Petitioner's four ineffective assistance of counsel claims are predicated on the existence of a viable entrapment defense.

Petitioner's entrapment claims fail because he is unable to demonstrate the viability of an entrapment defense. "[E]ntrapment is a relatively limited defense," based on "the notion that Congress could not have intended criminal punishment for a defendant who has committed all the elements of a proscribed crime, but was induced to commit them by the Government." *United States v. Russell*, 411 U.S. 423, 435 (1973). The affirmative defense of entrapment has

two related elements: "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Matthews v. United States*, 485 U.S. 58, 63 (1988). A defendant arguing he was entrapped must only prove the first of these two elements; upon such a showing, the burden shifts to the prosecution to "prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." *United States v. Havlik*, 710 F.3d 818, 823 (2013) (quoting *Jacobson v. United States*, 503 U.S. 540, 548 (1992)).

As admitted in his reply, Petitioner became involved in the criminal scheme at the center of this case upon the invitation of his friend and co-defendant Chad Williams. ECF No. 12. Entrapment typically results from inducement by a government agent, not a private citizen. *See United States v. Neal*, 990 F.2d 355 (8th Cir. 1993). However, the entrapment defense can extend to the inducement of a remote defendant by an unknowing third party, but only upon "a showing that pressure had been put upon [the remote defendant] by the intermediary at the instruction of the government agent." *Id.* (citing to and adopting the holding from *United States v. Bradley*, 820 F.2d 3 (1st Cir. 1987)); *see also United States v. Hodges*, 936 F.2d 371, 372 (8th Cir. 1991) (the government action requirement of the entrapment defense is not satisfied absent evidence the government induced the unknowing intermediary to "do something he would not otherwise have done" in order to "net the distant defendant"). Petitioner's motion is devoid of any factual allegation which would support the assertion Mr. Williams, the "unknowing intermediary" in this case, was induced by the government to "do something he would not otherwise have done" in order to secure Petitioner's participation in the criminal scheme involved in this case. *Id.; see also United States v. Warren*, 788 F.3d 805 (8th Cir. 2015) (finding no inducement in a factually similar case when the defendant was introduced to the criminal enterprise by an unknowing third

6

party). Without a demonstration of inducement, Petitioner is unable to carry his burden under the entrapment defense; consequently, his assertion he was not predisposed to commit the crime of which he was convicted is irrelevant. *See Matthews*, 485 U.S. at 63; *Havlik*, 710 F.3d at 823.

Petitioner has not provided evidence of inducement. As a result, he has failed to demonstrate the viability of an entrapment defense. Petitioner is therefore unable to demonstrate actual prejudice resulting from his attorney's 1) failure to adequately investigate an entrapment defense, and 2) advice to plead guilty in spite of the existence of a purportedly valid entrapment defense. Because he cannot demonstrate actual prejudice, Petitioner's claim fails. *See Strickland*, 466 U.S. at 697.

### B. *Ineffective Assistance of Counsel for Failing to Raise Sentencing Entrapment*

Petitioner asserts his attorney's failure to raise sentencing entrapment during sentencing constitutes ineffective assistance of counsel under the Sixth Amendment. ECF No. 12. Sentencing entrapment is recognized as a viable basis for downward departure in this Circuit. *See United States v. Searcy*, 223 F.3d 1096, 1099 (8th Cir. 2000) (reaffirming the existence of the sentencing entrapment defense). Sentencing entrapment occurs when "official [government] conduct leads a defendant predisposed to deal only in small quantities of drugs to deal in larger quantities, leading to an increased sentence." *Id.* (citing *United States v. Barth*, 990 F.2d 422, 424 (8th Cir. 1993)). Petitioner must prove both prongs of the *Strickland* test to succeed on the claim his counsel acted deficiently in failing to raise sentencing entrapment. *Strickland*, 466 U.S. at 687. Petitioner's burden in this regard is heightened due to his having plead guilty to Count Five of the indictment. See *Nguyen*, 114 F.3d at 703 (a guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceeding") (citation omitted).

Petitioner is unable to demonstrate prejudice resulting from his attorney's failure to pursue a sentencing entrapment claim. As noted by Judge Jackson at sentencing, the 120-month sentence imposed on Petitioner was the statutory minimum under 21 U.S.C. §§ 841 and 846. ECF No. 202; *see also* 21 U.S.C. § 841(b)(1)(A)(ii) (imposing a term of imprisonment of no less than 10 years for the distribution of five kilograms or more of cocaine). Further downward departures based on guidance from the sentencing guidelines would be impermissible. *See United States v. Burns*, 577 F.3d 887 (8th Cir. 2009) (holding "[w]here a court has authority to sentence below a statutory minimum only by virtue of a government motion under [18 U.S.C.] § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations") (citation omitted). Petitioner was not prejudiced by his counsel's failure to raise a sentencing entrapment claim which, even if successfully proven, would have had no impact on the length of Petitioner's sentence.

C. *Ineffectiveness of Counsel at Sentencing*

Petitioner asserts his counsel's failure to highlight discrepancies between Petitioner's sentence and those received by his co-conspirators constitutes ineffective assistance. ECF No. 1. Petitioner's claim must be denied because it is conclusory. *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1985) (holding conclusory allegations are insufficient to rebut the strong presumption of counsel's competence). Petitioner's motion and reply lack factual support for the assumption his counsel's failure to raise this issue constitutes deficient representation. ECF No 1. The inadequacy of Petitioner's claim in this regard is heightened because the sentence imposed upon Petitioner is equal to or less than the sentences imposed on his co-conspirators.[2] As a result, it is unclear what injustice Petitioner believes he has suffered. Petitioner must do more than

---

[2] Chad Williams was sentenced to a total term of 120 months; Donovan Whitt was sentenced to a total term of 135 months; Clyde Thomas was sentenced to a total term of 120 months.

nakedly assert a strategic choice taken by his counsel constitutes constitutionally inadequate representation. *See Strickland*, 466 U.S. at 689-91.

   D. *Attribution of Drug Quantities to Plaintiff*

Petitioner argues his counsel's recommendation of the plea agreement constitutes ineffective assistance of counsel, because his guilty plea allowed the government to avoid having to prove the specific quantity of cocaine attributable to Petitioner. ECF No. 1. Petitioner's argument in support of this claim consists of a bare assertion his counsel acted deficiently in advising he plead guilty, coupled with a recitation of case law. Petitioner was aware that by entering into the plea agreement, the government would not have to prove the quantity of drugs specifically attributable to Petitioner at trial. By pleading guilty, Petitioner expressly waived his right "to have a jury determine any fact that establishes the sentence in this case, and to have any fact that establishes the sentence in this case proven beyond a reasonable doubt." CD ECF No. 98. Petitioner has not provided specifics which would support the contention his plea was involuntary. He has thus failed to carry the "heavy burden" faced by a petitioner who has plead guilty and the claim is therefore subject to summary dismissal. *Nguyen*, 114 F.3d at 703.

   E. *Petitioner's Request for the Banning of Reverse Stings*

Citing to what Petitioner describes as recent criticism regarding the Government's use of sting operations to catch narcotics offenders, Petitioner requests that such operations be disallowed. It is well settled that the Government may use undercover agents to enforce the law; "[a]rtifice and stratagem may be employed to catch those engaged in criminal enterprises." *Jacobson*, 503 U.S. at 548 (citation omitted). In the absence of an argument based on a specific statutory or constitutional provision, this Court must reject Petitioner's request. Decisions on

9

matters of public policy, such as the propriety of law enforcement's use of reverse stings, are best left to the legislature.

F. *Request to Dismiss Government Response as Untimely*

The Government's Request to File Response to Show Cause Order One Day out of Time was filed on July 23, 2015, one day after the response date previously set by the court. The Government's request was granted by Judge Jackson on July 24, 2015. In light of this fact, Petitioner's request that the Government's motion be retroactively dismissed as untimely, in the absence of demonstrated prejudice, must be denied.

V. **CERTIFICATE OF APPEALABILITY**

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Clarence White's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. Petitioner's Motion is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Motion.

So Ordered this 6th day of October, 2017.

*E. Richard Webber*

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**